[2814    Decided March 14, 1898.]

JOHN CREAGH, *Appellant*, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, *Respondent*.

### TRIAL — DIRECTING VERDICT.

Where plaintiff's action is founded upon a written contract, whose construction is a matter of law for the court, the withdrawal of the case from the jury at the close of plaintiff's case and directing a verdict for defendant, there being no conflict in the testimony at that time, is in no sense a deprivation of the constitutional right of trial by jury.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*Arthur & Wheeler*, for appellant.

*Burke, Shepard & McGilvra*, for respondent:

The challenge to the legal sufficiency of plaintiff's evidence, permitted by the act of March 8, 1895, is not an invasion of the right of trial by jury. The constitutionality of this practice is sustained by the great weight of authority. *Naugatuck R. R. Co. v. Waterbury Button Co.*, 24 Conn. 468; *Carver v. Plankroad Co.*, 61 Mich. 592 (28 N. W. 721); *Munn v. Mayor*, 40 Pa. St. 364; *Cooper v. Waldron*, 50 Me. 80; *Hopkins v. Nashville, C. & St. L. Ry. Co.*, 34 S. W. 1029 (32 L. R. A. 354).

*Per Curiam.*—This action was brought by the appellant against the respondent, The Equitable Life Assurance Society, upon a written contract of employment by the respondent as its general agent for the Province of British Columbia. At the close of the appellant's testimony, the respondent interposed a challenge to the legal sufficiency

of plaintiff's evidence, and moved the court to decide as a matter of law that a verdict should be found for the defendant, and to direct judgment to be entered in accordance with such decision. This motion was sustained by the court, and judgment was entered for the defendant, and from such judgment plaintiff prosecutes this appeal. The written contract upon which this controversy depends is somewhat intricate and involved, but without particularly analyzing it in this opinion, from the best light which we have been able to bring to bear upon its examination, we are of the opinion that the proper construction was placed upon it by the lower court. This being true, and the written contract being the basis of the action, the errors assigned by the appellant are immaterial.

Under the uniform decisions of this court there has been no deprivation of a constitutional right of trial by jury in this case. There is no conflict in the testimony, for the testimony is that offered by the appellant only. The construction of a written contract is a question of law for the court, and not a question of fact to be decided by a jury, because there are no questions of fact controverted; and we have always decided that if as a matter of law the undisputed testimony of the plaintiff does not establish a legal claim the court is warranted in taking the case from the jury, or of directing a verdict for the defendant. This being true, as we construe the contract, the plaintiff could not under any circumstances have obtained a judgment. It follows that the court committed no error in the judgment rendered.

Affirmed.